The next matter, number 23-1820, MSP Recovery Claims, Series LLC et al. v. Fresenius Medical Care Holdings, Inc. et al. At this time, would counsel for the appellant's MSP Recovery Claims please introduce himself on the record to begin? Good morning. May it please the Court, John Paul Portel along with my colleagues Ida Landa of the behalf of the MSP plaintiff's appellants, Your Honor, I'd like to reserve three minutes for rebuttal. Yes, you may. Your Honors, this appeal is predicated on the determination as to whether MSP has sufficiently established class membership as a third party payor under the versus class definition in order to be entitled to American Pied Towing. We submit that the record clearly and unequivocally demonstrates that we've met this definition because we have properly pled that MSPs, through assigners, are third party payors in the United States who purchased, reimbursed, and or paid for grant flow on behalf of their enrollees. And it's important for the Court to note that under the District Court's narrow interpretation of the versus class definition, no individual consumer or any third party payor could ever satisfy the class definition because only a direct purchaser like a, quote, dialysis provider, end quote, as suggested by the District Court would fall within the class definition. And the problem with that is that it's plainly wrong and it arises from a fundamental misunderstanding as to the role that grant flow plays in hemodialysis treatment and the payment for that treatment, whether directly by a patient or by the patient's health insurer, whether it's Medicare, Medicaid or private health insurance. I don't want to keep you from arguing this point, but keep in mind, don't you also need to establish as a predicate that there was a class action, pending class action or putative class action for a long enough period of time to make your filing timely? Absolutely, Judge Kayada. That is exactly what we submit to the Court and I would turn your honors to your honor's opinion that was offered in NRA Selects and Lexapro Marketing, which we believe is directly on point. Like painters there, which was a third party payer, MSP is here alleged injury in the form of payments made for proceedings with defective grant flow. And basically there, the court adopting the seminal case of American pipe tolling says that the individual action survives the statute of limitations defense because the statute of limitations period was told in the American pipe until a prior class action was dismissed in that case, June of 2020. Well here, under the court's de novo review and looking at the district court's opinion, looking at the record, we allege sufficient facts, which should be taken as true that all reason which is to be drawn plaintiff's favor, that demonstrate class memory. Counsel, do you want us to adopt a per se rule that it takes dismissal, a court order of dismissal, and absent that, you're entitled to American pipe tolling? But that isn't really the argument in front of us. Here, the versa class action, it appears that there were no assertions of class claims. And as a result, it wasn't in fact an ongoing class action during the time periods you were relying on. So could you please address that? Yes, your honor. And thank you for that. The versus class was defined in the original class definition. In the original class complaint followed by versus, which talks exactly about what we talked about. And there were, what was it, certain plaintiffs settled and dismissed out of the actions. And then once it became a multi-district litigation, the remaining plaintiffs had to file short forms and they gave up the class claims in the short forms. So there were no plaintiffs left asserting any class claims during this period. Well, your honor, unfortunately, that's not what the record evidence shows. And that's what we submit in our papers. And I'll walk the panel through that because I think this is a factual determination. The district court here, without explanation or analysis, simply said that when five of the individual named plaintiffs filed short form complaints, they abandoned their class allegation claims. The court also said that in June of 2014, when the four other remaining class plaintiffs named plaintiffs filed a stipulation dismissal, all class claims were abandoned at that point. However, that ignores what the plaintiff's leadership, the PC, the defense leadership, and the court itself acknowledged subsequent to that. And the court has to take a look at the record evidence. And what do I mean by that? You have to take a look at the subsequent actions that were taken. March 2nd, 2015, at a status conference, the PC acknowledges the existence of verses as still a class action complaint. This is after the short form complaints have been filed and after supposed June 2014 stipulation dismissal. Secondly... Counsel, as I read that, the question came up because the MDL had not, notified the Massachusetts district judge that there were three actions filed as class actions. But when it came down to versa, the counsel for Fresenius said, Your Honor, I don't remember what happened in that case. I'll have to go back and check it. So I don't think that that helps you a lot. So can you move to the next conference? And that's exactly what happens. In April 10th, 2015, a month later, they come back and there the PC said, Your Honor, it's not three. There are five remaining active class actions, including the versus complaint. The court then went on to ask the district court whether there was a nationwide class and how would that affect it. And importantly, my brother and Fresenius makes the argument that because there's, quote, that the class allegations were not important to short-form complaints, somehow the inference from that is that they were abandoned. I would submit to the court that the equal reasonable inference that could be drawn is that all the parties conceded at that time that the class allegations were indeed still alive and active despite not being adopted as part of the short-form complaint. So help me with this because I think you're getting at the issue, which is key, which is did they survive the short-term complaint? That's right. As I understand it, the short-term complaints were filed in response to case management order number seven. That is correct. And that case management order, as I read it, says the short-form complaint, quote, shall replace the plaintiff's original long-form complaint. And it will be deemed an amended court complaint. And then we have precedent that says an amended complaint entirely replaces the original complaint. So based on all of that, there would be no class claim left once the short-form complaints were filed. I then noticed in your brief you did cite, I think it's a footnote 17, is it? I believe it's note 11, Your Honor. Note 11, okay. Yes. In which the court, Judge Woodlock expresses some uncertainty about just what survived and what didn't survive the complaint. He cites the general rule and then he says the prior complaint not necessarily superseded for purposes of a motion to dismiss. That's right, Your Honor. So you want us to basically say that, read into that, that it was also not necessarily superseded for purposes of maintaining a class action. That is right, Your Honor. And it's important because that note that was entered by Judge Woodlock who's overseeing the entire MDL, who's asking these questions about the continuing, ongoing application of class actions in the proceedings MDL, was in the context of looking at statute of limitations and when it applies when Judge Woodlock was looking at the Mississippi and Massachusetts cases. Let's put that in. What we're talking about here is an equitable doctrine, American pipe, that it's not a, it looks at whether people who have individual claims can reasonably forestall filing their claims because we don't want them to all necessarily have to file them prematurely if they're going to be a class action. Right. So I didn't find in your brief any analysis of why, given that case management order number seven, given the five dismissals and then the four short form complaints, why counsel with individual claims sitting looking at an MDL action that at that point consisted of all individual claims would think they could go years of not filing anything as no class action is being pursued? Well, Your Honor, as set forth at the status conference by even the plaintiff's leadership, the purpose of filing that class action was for tolling the statute of limitations. It was acknowledged by all the parties. And what's more important, Your Honor, is that here there was no ultimate decision by any court whether a denial of class cert, briefing on class cert, or dismissal of class cert, which goes to Judge Lynch's initial question, which is, is it the bright line only upon dismissal? We understand it's not. There's other factors that could be taken. We submit one of the arguments that are raised is whether there's a diligence requirement. We argue that there is not under American Pipe and China Agritech. However, assuming, arguendo, that this panel decides that for equitable tolling there has to be a diligence requirement, we believe that the court's dismissment opinion, which cites the Fourth Circuit's opinion in Bridges, which adopts an objectively reasonable, reliant standard, is instructive. And why is that instructive under the facts of this case? Because not only in 2015 on two separate occasions is there acknowledgment of the existence of an ongoing active versus class, but then in April of 2017, the defendants themselves file an omnibus motion to dismiss active plaintiffs and class actions. And then in April of 2019, they file a motion to sever plaintiffs in multi-plaintiff cases and class actions and specifically identified persons. And that's at the record at 217. And subsequent to that, in April 29, 2019, there's a second stipulation of dismissal of the four-name versus plaintiffs. So how can you have a stipulation of dismissal in June of 2014 and then have another exact one in April of 2019, five years later, and say the first one foreclosed it but not the second one? And so looking at it from an objectively reasonable, reliant standard, there is record activity where the MDL is saying, hey, these class actions, we're not going to address them now. We'll deal with the individual plaintiff's claims, but we'll leave that for later. So what do we do with, as I look at this record, the day that the short-form complaints were filed and then I read the case management order number seven, it seems indisputably clear, if I stop there, that there's no class action because the case management order specifically provides what is our rule that the amended pleading wipes out the prior one. And indeed, the short-form complaints actually incorporate the new long-form pleading, not the old one. So let's assume that as of that date, no person could objectively think there was still a class action. Come forward in time, though, and as you know, things are then said in conferences, there's a docket entry suggesting a class action still continues, and then there's the motion papers filed by the defendant, and then there's the judge's footnote 11. So it starts to be subsequently a lot messier as to whether there's a class action pending or not. How do I then factor that in with the changing chronology where there's a period of time where it appears clear there's no class action followed by a period of time suggesting maybe I shouldn't have read that period of time that way? How do I then roll that into the equitable analysis of whether it was objectively reasonable for class members to sit there for years with individual claims as other individual claims are being processed in the MDL? Because one way to reconcile that distinction, Your Honor, and I think it's important, is again turning back to Judge Woodlock's note 11, which says the master complaint is an administrative device. And I understand what the CMO 7 says, but at the same time Judge Woodlock also recognizes that the long-form complaint isn't always superseded, especially at the motion to dismiss stage, and that's where we're at, and that's critically important in this analysis that we have here in this case. It is actually messy. He doesn't just say motion to dismiss, he refers to the motion to dismiss with respect to fraud claims.  statute of limitations. Because you've got the specific pleading requirements of particularity for fraud, so he's looking back. That's right, Your Honor. But he doesn't say anything about class pleading, so we're kind of left with the continuing ambiguity I outlined earlier. That's right, Your Honor. And so we need to take it all in full context and looking at the entire record. I mean, we can't simply just ignore the activity if the court and the parties, both plaintiffs and defendants, really believe... Counsel, counsel, at those status conferences where at least one lawyer for Presenius made clear that the short form complaint had given up all class claims, your MSP's lawyers said to the judge, well, we have no plan at present or in the foreseeable future to be pursuing any class claims, but maybe someday we will. That doesn't strike me as being sufficient to continue the class action in light of the clear law on the short form complaint. And so it strikes me that it would be contrary to what American Pipe is trying to accomplish, to give lawyers that amount of power by merely saying, well, judge, someday we may come up with a class plaintiff and we may try to amend again. How does that serve the purposes of American Pipe? Your point is well taken, Your Honor. But I would submit to you that at that status conference, counsel for defendant didn't say that the class claims were abandoned by adopting the short form. It just says they weren't alleged in the short form. There's no further explanation. There's no meaning behind that. It is just simply a statement of fact. They're not in there. Why is that important? Because the short form complaint is a template and if you look at the template and look at the record evidence for the short form complaint, there's nowhere where there's contemplated that you could check the box like you do in a short form complaint for all the other causes of action to adopt a class action. It's simply not there. Whether intentional or by omission. We don't know but that's what we have to live by because that's what was there. And so you have to then look at what are the subsequent actions taken. Are you suggesting the court has booby trapped counsel by the docket order describing what the short form complaint has to be? No, Your Honor. I think it's just the opposite. I think that there really wasn't any meaningful thought because remember the CM order is also kind of taken by what the party submissions are. And at the time the PC was really concentrated on direct individual claims. Right? So it's not that it's booby trapped but rather it's just saying it wasn't something that was necessary to contemplate one way or the other whether abandoned or continuing active. And it reminds me of that old saying and it's taken a quote from Ian Fleming that says once is an accident twice is coincidence three times is a pattern there's a continuing pattern by the plaintiffs and the defense to continue to litigate the case through 2019 as if there's an active  Thank you. If it was done in 2014 why would they still be litigating the case? It defies all reason. Thank you, Your Honor. Thank you. Thank you. Thank you, counsel. At this time would counsel for the appellees please introduce themselves on the record to begin. Good morning, Your Honors. It's Jim Bennett for presenting us the appellee. May it please the court. Focusing first on the question that has generated most of the dialogue here today I think there is simply no question   applies to MSP's claims at all as the court's aware from our first point. But even if it did apply there's no question that there's no question that there's no question that there wasn't enough tolling here because June of 2014 is the end. It's clear to me that the panel is very aware of the record and so I won't necessarily repeat all of that. But in March of 2014 five of the plaintiffs filed short-form complaints that did not     where that was discussed in April of 2015 in all the other cases short-form complaints have been filed in all the other cases in all the other cases short-form complaints have been filed but the class action allegations were not imported and that's in Appendix 196 and I know Judge Lynch and all of you have read that closely. Then in June of 2014 the remaining plaintiffs all dismissed their case in total. And when you look at this entry     in April of 2019 that's at Appendix 135 the docketing clerk there said stipulation of dismissal in April of 2019 that's at Appendix 135 the docketing clerk the dismissal file note originally filed on June 27, 2014 in the MDL docket. So what you're seeing after the short-forms were filed and what you're seeing after the dismissal is I would say very routine docket management by a judge who's been asked to preside over  of cases we still did have at the time the short-form complaints that had the same docket number and Judge Woodlark was the judge who was the judge who was working through those and dealing with that and ultimately getting those dismissed. But no reasonable lawyer or client in any situation could think that as of June of 2014 there were class action allegations actually pending in the Versus case. That's what China Agritech says it needs to be pending as a class action. The cases talk about you need to have objective reasonable reliance interests that are to be protected and if you don't look at that as a situation there where they lost their class character no one would objectively reasonably rely on it you end up with all of the things that Justice Blackmun's concurrence in American Pipe and Justice Powell's concurrence in the early cases could lead to abuses which is I think why in 2017 and 2018 the newer Supreme Court cases like CalPERS talk about this being an equitable doctrine where you have to look into whether there was diligence whether this is the type of thing that American Pipe is intended to do and I think it's also important to understand we're dealing with the mass tort context and you guys saw in our brief we cite cases that talk about the idea that there is no real way to ever expect that there's going to be a class mass tort ever going to be pursued because all of the causation issues are individualized the injury issues are individualized the circumstances are individualized and we cite Hendricks and Jolly and a Reslin case that talk about that as a important overlay let me run by you the issue that's concerning me is that if if anyone is harmed at all by an overextension or a broader extension of American Pipe it would be the defendant no one else the plaintiffs all have an interest in having it go on as long as possible so when we look through this record the plaintiff the defendant is not actually seeming to be vigorous and outspoken in suggesting that there's no class action there are several conferences I think at least two where statements are made by plaintiffs counsel that there is a class action in fact at one point they say there's five of them and in those particular conferences there's no counter by defense counsel and then on April 10 of 2014 there's actually a docket entry that says motion for class cert expected and there's no objection to that so what are we to make of that in balancing the actual considerations that I would think would be appropriate here I think I'll refer so we can talk about both of those the docket entry talking about versus I think the answer to that is to actually look at the transcript where the discussion happened and in those March and April conferences I don't want you to not do it but is that transcript was that transcript in the docket such that someone outside the case looking at it would see the conversation for sure and also everybody's here I mean you can't believe the numbers of people attending this it is usually the transcript hits a week later but I was at all of those conferences and we have people dialing in from all around the country and everybody is allowed to attend telephonically and Judge Woodlock set that up but what the plaintiff's counsel actually said at that conference is it is the view of the leadership and these are the people court appointed to be speaking on behalf of everyone at these conferences it is the view of the  and that is exactly how it should have been which is there is nine people four people decided they didn't really have a claim so those were dismissed in April 2015 it says that we I believe it says very clearly that the versus case certainly has been resolved as a class action because the short form complaints have been filed and the class actions have been filed but the class action allegations were not imported into the class action case which is the consumer class action in all the other cases short form complaints have been filed but the class action allegations were not imported into the short form complaint and you want us to read into that the further inference that therefore they've been dropped I think that's what the short form is we have 13,000 lawsuits and there's a lot of docket management going on what was important for the judge is we have everybody into their own case now and we're going to work through them we're going to try the ones that need to be tried we're going to move for summary judgment if they don't want to participate ultimately in 2016 we had a master settlement agreement then we tried cases in this courtroom which I tried of people who didn't participate in that but what happened in this courtroom  that we had a short form and our whole intention was to say there is no class action for versus they're pursuing their own cases admittedly the case   on its own without any collective consideration followed by the plaintiffs every time judge woodlock brought it up it's a place holder which American pipe says it shouldn't be right American pipe and all the Supreme Court cases say the abuses if you file it as a place holder that's the opposite of the purpose of American pipe we tried individual cases we moved for no  action on their behalf  the p.e.c. the p.e.c. docket notion in light of that conference yeah I think what happened in the April conference was that the p.e.c. said what we're not going to do American pipe and we're certainly not going to do it      lawyer could do it in a mass court context where no reasonable outside lawyer could do it in a mass court government conference where no reasonable outside rela. Ole or de I was exactly on the diligence point that I    deference was owed . . . . . . . . . . . . . . . mast can do . . is due to be trusted the multitude of all . yeah was meant to know . rules . I think it doesn't matter . I could see a situation if you passed the motion to dismiss and the judge made findings . Thank you. Joseph please for the 3-minute break. We do submit based on our papers . We do acknowledge that there is case law and out of this circuit that there is case law to suggest that it is an issue . There is no further explanation beyond that or analysis. That is the problem that the panel would have in terms of looking at it. We believe that given the procedural posture, the history of this case, given the fact that judge Kay Otter raised, which is CMO number 7. Interestingly, CMO number 7 was adopted in February of 2014. Yet, it is a year later in April and March and April 2015 at status conferences where this issue with the existing master class complaints are raised. Even more importantly, it is the memorandum in order, which is also in 2015 after CMO number 7, which is no 11, which he says the long form complaint isn't superseded by the short form. We have to look in total at the record evidence that this panel can do under a de novo review and look at all the actions taken by the parties. While my brother tells the court that based on that April 2015 status conference, it was known by everybody in the whole world that the class claims were in  NBL and that that status conference is important. This is at the record starting at page 194 and the court asks, so then we move on to some sort of joint report. Was there a writing on the joint record at page 195 at line 4? I haven't been able to obtain the consent of everybody or everybody's view, including Bursa's plaintiff's attorney, but it is the view of the leadership here that at the present time, we are not planning on moving for certification, but these are the questions     We are   on moving for certification. We are not planning on moving for certification. We are not planning on moving for       moving for certification. And the question is, as I represent the Bursa's plaintiff, he represents many third party payers throughout all MDLs and as those who have tried and been participating in MDL mass torts all over the country, TPP cases are always kicked to the back of the line. And we see that the most glaring example is the NRA opioid case. TPP claims are always the last ones to get tried. But isn't that of some significance? The classic American pipe, you're looking at a class action or an aggregation of class actions and the theory is let's not have class  let's let the class members come forward now with their complaints while we're still  a class because if it's a class, then they'll get the opt-out, opt-in procedure or whatever. But here you have people outside the proceeding looking not just at a class action, but looking at thousands and thousands of individual cases which would seem to be antithetical to the whole notion behind American pipe and you would think would give some pause to think why am I waiting if thousands of others are actually being processed by the court? Because there's a very critical distinction and that is that there are personal individual claims being brought by members who are injured, members of this MDL, individual personal claims. But the class complaint seeks different set of damages, there are economic losses. But I thought you said persons with economic losses were in the MDL with individual claims. There are. So think of your typical and this is why it's important. There was, and how we got involved was in 2018 after  settlement agreement there was set up a PLRP, a private lien resolution plan. So that deals where TPP has a right of subrogation reimbursement for the medical expenses it paid on behalf of its enrollee for an individual who filed a suit in the MDL and settled their claim. Our case like set forth in versus class definition which is quote all consumers and third party payers who purchased, reimbursed and or paid for natural and granular flow. And that's what we have here. We're seeking claims for those who aren't part of the PLRP. Our enrollees which we paid as part of the PLRP are entitled to recover for that accident related medical expenses because they had a heart attack or stroke. That doesn't take away an existing claim on their versus for the actual payment of the hemodialysis treatment and that still remained alive. There are different elements of damages and that's also